Appeal of PERRY & DORMINEY.                    Docket No. 852.

Submitted March 31, 1925; decided April 13, 1925.

*George M. Stanton, Esq.*, for the taxpayer.
*Benj. H. Saunders, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from a deficiency in excess-profits tax of the above-named partnership for the year 1917, in the sum of $4,048.74. The entire deficiency results from the elimination by the Commissioner of the opening inventory of the taxpayer in the sum of $6,838.71, pursuant to the report of the examining revenue agent.

FINDINGS OF FACT.

The taxpayer partnership was engaged, during the taxable year in question, in the business of buying and selling mules, and at the beginning of that year had on hand an inventory of mules of the value of at least $6,838.71.

DECISION.

The deficiency determined by the Commissioner is disallowed.

---

Appeal of C. W. SIMPSON CO., INC.            Docket No. 1719.

The taxpayer in 1919 was not a personal service corporation.

Submitted March 30, 1925; decided April 13, 1925.

*Fred A. Woodis, Esq.*, and *Luther F. Speer, Esq.*, for the taxpayer.
*Edward C. Lake, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, and PHILLIPS.

In this appeal the taxpayer claims that the Commissioner erroneously refused for the taxable year 1919 to classify it as a personal service corporation within section 200 of the Revenue Act of 1918. The Commissioner asserts a deficiency of $1,803.23.

FINDINGS OF FACT.

The taxpayer is a real-estate broker and selling agent, and in its business it also collects rents and writes insurance. It was organized in 1916 with three stockholders—Simpson receiving 45 shares, Fuller 45 shares, and Asquith 10 shares. Nothing was paid in for these shares, except that Fuller contributed $2,500 in cash for the purchase of office equipment. Shortly after the corporation was organized, Fuller became dissatisfied, and Simpson purchased his

stock for $2,000. Of these 45 shares, 35 shares were issued to Mrs. Simpson, his wife, and 10 shares to Miss L. V. Beale, the company's bookkeeper. Simpson put the 35 shares in his wife's name to avoid judgment creditors. She paid nothing for them. The 10 shares were issued to Miss Beale so that she could become treasurer in accordance with the by-laws. Both Mrs. Simpson and Miss Beale immediately endorsed the certificates in blank, and they were put in the company's safe. Later Miss Beale resigned and her shares were canceled.

The corporation filed an income-tax return as a personal service corporation. It disclosed gross income of $36,616.70, which included more than $15,000 of commissions received on sales made by others. Of such commisions it was required to pay one-half to the other persons. The share of commissions so paid amounted to $7,673.56, and was shown upon the return as a deduction included within ordinary expenses of $12,215.87. The return showed compensation paid to officers and stockholders amounting to $15,097.93. The net income shown was $9,082.97. This amount was included by Simpson on his individual return.

The return of the corporation showed that Simpson was president, devoted all of his time to the corporation, owned 45 shares of stock, and received ι salary; that Mrs. Simpson devoted a nominal amount of time to the corporation, owned 35 shares, and received no salary; that Asquith was secretary, devoted all his time to the corporation, owned 10 shares, and received commissions in 1919 amounting to $10,575.30; that Miss Beale was treasurer, devoted all her time to the corporation, owned 10 shares, and received salary and commissions. The balance sheet showed capital and surplus at the beginning of the year of $6,546.36, and at the end of the year of $15,575.17.

DECISION.

The determination of the Commissioner is approved.

---

**Appeal of JOSEPH M. BYRNE.**          **Docket No. 869.**

Release of indebtedness under the facts *held* not a deductible loss.

Submitted March 23, 1925; decided April 13, 1925.

*John A. Conlin, C. P. A.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

Before JAMES, STERNHAGEN, and TRAMMELL.

This appeal involves a deficiency in income taxes in the amount of $5,108.04 for the year 1919, and is based upon the disallowance by the Commissioner of an alleged loss of $12,000 by reason of the release of a debt owing by a corporation to the taxpayer.

The Commissioner moved that the appeal be dismissed on account of lack of evidence. The taxpayer introduced no evidence but relied